Gulf, Colorado & Santa Fe Railway Company v. W. B. Hurley.
No. 2674.

1. **Mental Anxiety.**—Hurley at Fort Worth learned that his child at Stephenville was ill. In order to reach the child as early as possible, by contract with the ticket agent at Fort Worth he entered upon a freight train for Morgan. He was put off the train by the conductor in the night time a mile or mile and a half from Fort Worth. Suing for damages, on the trial, over objections, plaintiff was permitted to prove his mental anxiety and suffering on account of his child's condition. The court refused the request of defendant to charge "that there was no allegation in the petition that the child was sick, and of plaintiff's anxiety to reach home, and of mental anguish from that cause, and that the jury should not permit any evidence of such facts to enter into their computation of damages." Verdict for $500. *Held:*

1. The testimony was improperly admitted.
2. The requested charge was improperly refused.
3. The charge given did not supply that requested.
4. It not appearing but that the testimony to mental suffering affected the verdict, the admission of the testimony to mental anguish and refusal of the charge was ground for reversal.

2. **Same—Pleading.**—When for the purpose of explaining the existence of mental distress or of enhancing the amount of damages by enlarging its degree it is intended to offer any evidence beyond the trespass or act of physical violence complained of, a proper predicate in the pleadings must be laid.

Appeal from Tarrant. Tried below before Hon. R. E. Beckham. The opinion states the case.

*Leake, Shepard & Miller,* for appellant.— 1. Mental suffering on account of the illness of plaintiff's child was not a consequence of his expulsion from the train; and though its consideration as an element of damage was denied in the charge to the jury, yet its effect upon their minds could not be entirely removed, and necessarily operated to the prejudice of the defendant. Railway v. Levy, 59 Texas, 542.

2. Damages can not be recovered for mental anguish where no bodily injury is done, except in cases where the evidence shows malice, insult, or gross negligence. Darrah v. I. C. Ry. Co., 30 Am. and Eng. Ry. Cases, 576; Canning v. Williams, 1 Cush., 451; Trigg v. Railway, 6 Am. and Eng. Ry. Cases, 345; Railway v. Douglass, 69 Texas, 694; McAllen v. W. U. Tel. Co., 70 Texas, 243; Railway v. Burney, 71 Ill., 391; Railway v. Cunningham, 67 Ill., 316; Railway v. Johnson, Id., 312.

No brief for appellee has reached the Reporter.

Henry, Associate Justice.—Appellee, who was plaintiff in the court below, alleged that he purchased from the local agent of defendant at Fort Worth, Texas, a ticket over its railroad from Fort Worth to Morgan, and was by such agent directed to board one of defendant's freight

trains, and was assured by him that passengers were carried on such train, and that in pursuance of these instructions plaintiff, at defendant's regular depot, boarded said train as a passenger to said town of Morgan.

He charges that at a point one and a half miles from Fort Worth, and before reaching Morgan, the servants of defendant in charge of said train unlawfully and forcibly expelled him from the train at a place not a station, and in the night time, and left him to find his way back to Fort Worth as best he could, and that he being a stranger experienced great fatigue and distress in finding his way·back, and by reason thereof and the ejection from the train he suffered great pain of mind and body, to his damage two thousand dollars; that he lost the money paid for the ticket and was compelled to lie over at Fort Worth and was hindered from attending to his regular business, to his further damage one hundred dollars.

The plaintiff by his own testimony proved that he was at Fort Worth and his family was at Stephenville, to which place he was on his way pursuant to a call from his wife informing him that his baby was dangerously sick. He testified that finding that the delay in waiting for a passenger train would cause him to miss connections, he applied to the ticket agent at the union depot at Fort Worth and explained to him his anxiety to speedily get home and the cause of it, whereupon the ticket agent assured him he could take passage on a freight train that would arrive at a certain hour, and that it was expected to make the desired connections, and with that view sold him the ticket; that he accordingly, by direction of the agent selling the ticket, took passage on one of defendant's freight trains, from which he was shortly afterwards expelled in the manner charged in his petition by the servants of defendant, for the reason that the train that he was aboard did not carry passengers.

He charges that he informed the agents of defendant who expelled him from the train of the circumstance that was calling him home and producing his anxiety to avoid delay, and that the agent selling him the ticket had assured him that he could ride on that very train.

He proved that the train slowed up and he was put off without violence or personal injury somewhere between a mile and a mile and a half from the depot at which he had taken the train; that it was raining and very dark on his way back to the depot and from there down town, and he got very wet and had a severe spell of sickness from it.

The next day he went to within twenty-eight miles of his home by rail and walked and rode on a wagon the balance of the way, reaching home during the night following.

There was a jury and a verdict for plaintiff for five hundred dollars.

The defendant objected to the evidence with regard to the condition of the child of the plaintiff and to his having been caused great distress

of mind by that; and its objection having been overruled and the evidence admitted, it requested the court to charge that there was no allegation in plaintiff's petition that the child was sick, and of his anxiety to reach home, and mental anguish from that cause, and that the jury should not permit any evidence of such facts to enter into their computation of damages.

The court refused to give this charge, but of its own motion instructed the jury " that in estimating such damage the defendant would not be liable for the mental suffering of the plaintiff on account of the sickness of his child."

It is evident that plaintiff's anxiety about the situation of his child and the mental distress that it produced existed before his negotiations for passage as well as during and after his expulsion from the train, and that the treatment received by him from defendant's servants did not produce and could not in the nature of things increase or diminish it.

If under any circumstances the condition of the child, and plaintiff's feelings growing out of that condition, could be proper to be laid before the jury, they could not be put in evidence without having been alleged in the pleadings. The bare and general allegation in the petition that plaintiff's mere expulsion from the car caused him mental distress does not admit of any proof to explain to the jury the fact or degree of that condition except the act of expulsion itself. When for the purpose of explaining the existence of mental distress, or of enhancing the amount of damages by enlarging its degree, it is intended to offer any evidence beyond the trespass or act of physical violence complained of, a proper predicate in the pleadings must be laid. Such mental distress as naturally and usually results from a trespass upon the person may be estimated by the jury from their own knowledge and without other proof. Anything and every fact beyond that proper to be considered and estimated by the jury must be alleged or it can not be proved. There are cases in which it is not proper to reverse for the admission of improper evidence which the court has afterwards endeavored to obviate by a charge to the jury not to consider or estimate it. This will usually be confined to cases in which the objection to the evidence is not clear when it is allowed, and when also the result furnishes reason to believe that the charge to the jury to disregard it has produced the desired effect. When the verdict can not be clearly accounted for and justified without a resort to the improper evidence, it may always be doubted whether the injurious effect has been removed.

As this cause will be reversed, in view of another trial we do not think it proper to make the application of this rule to the verdict before us further than to say that we are not satisfied that the charge sufficiently removed the evidence from the consideration of the jury.

We do not find any error in other assignments presented in the brief of appellant's counsel.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered October 22, 1889.