**JENNINGS, County Judge, et al. v. CARSON.**
(No. 106–2951.)

(Commission of Appeals of Texas, Section A.
May 5, 1920.)

Schools and school districts &39—Appeal to
higher officials from refusal of trustees to
form district held condition precedent to remedy in court.

Construing, so as to give effect to the provisions of all, Gen. Laws 34th Leg. (1915) c. 36, § 4a (Vernon's Ann. Civ. St. Supp. 1918, § 2749d), giving district court general supervisory control of action of county school trustees in creating, changing, and modifying school districts, and section 10 (section 2749h), as to appeal to and from county school trustees, with Vernon's Sayles' Ann. Civ. St. 1914, art. 4510, as to appeal to higher from lower school officers, appeal to higher school officials from refusal of school trustees to form school district from parts of other districts is a condition precedent to remedy in the district court.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by L. M. Carson against J. L. Jennings, County Judge, and others. Judgment for plaintiff was affirmed by the Court of Civil Appeals (184 S. W. 562), and defendants bring error. Reversed and remanded, with instructions.

Hoover & Dial. and H. E. Hoover, all of Canadian, for plaintiffs in error.

Baker & Willis, of Canadian, for defendant in error.

TAYLOR, J. Defendant in error, and other citizens of Hemphill county, presented a petition to the board of school trustees of that county, requesting the formation of a school district out of parts of school districts Nos. 4 and 5. The board, after due consideration of the matters set out in the petition, refused to create the district. Thereupon defendant in error, without taking an appeal from the decision of the trustees to the state superintendent of public instruction, filed suit in the district court of Hemphill county, praying that the court, under the authority conferred by section 4a of an act of the Thirty-Fourth Legislature (Gen. Laws 34th Leg. c. 36, p. 68 [Vernon's Ann. Civ. St. Supp. 1918, art. 2749d]), take supervisory control of the action of the board of trustees in refusing to grant the petition, and in the exercise of such control to either create the district petitioned for, or grant a writ of mandamus directing the trustees to do so.

Defendant in error alleged, among other things, in the petition filed in the district court, that the trustees, in rejecting the petition and refusing to create the district prayed for, "grossly abused their power and authority." He also alleged that district

No. 5 was about to order an election to determine whether it should issue school bonds in the sum of $1,000, and asked and procured the issuance of a temporary writ of injunction against the county judge and ex officio county superintendent to restrain him from ordering the election.

Trial of the case resulted in a judgment creating the new district, perpetuating the injunction theretofore issued, and directing the issuance of the writ of mandamus as prayed for. On original hearing the Court of Civil Appeals held that under the provisions of section 10 of the act of the Thirty-Fourth Legislature, supra (Vernon's Ann. Civ. St. Supp. 1918, § 2749h), an appeal to the state superintendent of public instruction from the decision of the county trustees was a condition precedent to seeking redress in the district court, and, in the absence of a showing that such appeal had been prosecuted, reversed and dismissed the case. Upon reconsideration the court concluded that the district court had jurisdiction of the case, granted a motion for rehearing, and affirmed the judgment of the district court. 184 S. W. 562.

The question to be determined is whether defendant in error was required, as a condition precedent to the jurisdiction of the district court, to prosecute an appeal from the decision of the county trustees to the state superintendent of public instruction, and thence to the state board of education. A perusal of the statutes having to do with the rural public free schools discloses that they relate, broadly speaking, to two classes of duties: First, those affecting property rights, such as creating, changing, and modifying school districts; and, second, those not affecting property rights, and largely administrative in their nature, such as pertain to the organization, management, and control of the schools in the various districts.

The Legislature uniformly, by successive enactments to establish and maintain a system of public free schools, made it incumbent upon the commissioners' court to discharge the duties referred to in the first class. None of the acts conferred the right of appeal from its decisions. The Supreme Court, in construing an act of the special session of the Eighteenth Legislature (Laws of Texas, vol. 9, p. 43), imposing on the commissioners' court the duty to subdivide the counties into school districts, held that its decisions in so doing, and in changing the districts, were final. Porter v. State, 74 Tex. 594, 14 S. W. 794. At the time of the decision of the Porter Case, supra, the district court, while not having appellate jurisdiction over the actions of the commissioners' court, had such supervisory control over its actions as grew out of its general equitable jurisdiction. Haverbekken v. Hale (Sup.) 204 S. W. 1162.

The school laws, prior to an act of the Thirty-Second Legislature (Gen. Laws 32d Leg. c. 26, p. 34 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 2849a–2849o]), vested in district trustees and teachers the authority to manage and control the district schools, under the supervision of a county superintendent, or county judge acting in that capacity. The statutes conferred the right of appeal from the decisions of the subordinate school officers in certain matters to the state superintendent of public instruction, and thence to the state board of education. R. S. arts. 2752, 4509, 4510. It was necessary to prosecute the appeals in the manner designated before resort could be had to the courts. Nance v. Johnson, 84 Tex. 401, 19 S. W. 559. By the act of the Thirty-Second Legislature, supra, provision was made for the selection at stated intervals of five county school trustees, and authority was conferred upon them to manage and control the public high schools provided for in the act. Section 10 of the act (Vernon's Sayles' Ann. Civ. St. 1914, art. 2849j) is as follows:

"All appeals from decisions of the county superintendent of public instruction shall lie to the county school trustees, and from the said county school trustees to the state superintendent of public instruction, and thence to the state board of education."

As the foregoing section was originally enacted when the duty to establish school districts devolved upon the commissioners' court, the appeals therein referred to had no relation to such duty. The act of the Thirty-Fourth Legislature, supra, amending the act of the Thirty-Second Legislature, so enlarged the scope of the administrative duties of the county trustees as to extend their management and control over all the public free schools of the county. The amendatory act also vested in the trustees the authority theretofore vested in the commissioners' court to create, change, and modify school districts. Section 10 of the amended act was re-enacted and brought forward without change as section 10 of the amendatory act, and section 4a was added, which is as follows:

"The district court shall have general supervisory control of the actions of the county board of school trustees in creating, changing, and modifying school districts."

As the authority conferred on the trustees by the amendatory act in the matter of creating and changing school districts is identical with that exercised by the commissioners' court prior to the amendment, the foregoing section, in our opinion, is expressive of the legislative intention to continue the same control over the actions of the county trustees in respect to their duty of creating and changing school districts as had theretofore existed over the actions of the commis-

sioners' court with respect to the same duty. Chief Justice Conner, in Clark et al. v. Hallam et al. (Civ. App.) 187 S. W. 964, a case involving a change in school districts by the county school trustees of Young county, in construing the amendatory act, and especially sections 10 and 4a, says:

"As applied to the case we have before us, both sections, we think, may stand and be given appropriate operation. Construing the law as a whole, we think it should be held, generally speaking, that in proceedings relating to the general management and control of the public free schools in a county appeals from the decisions of county superintendents or county school trustees should, in the first instance, at least, be made as prescribed in section 10, thus, as to such subjects, limiting the jurisdiction or power of control on the part of the district courts to such power as is vested in them by general principles of equity, such as where it is alleged that the action of the superintendent or trustees is wholly without authority, or corruptly exercised, etc., but that in the matter of consolidating districts section 4a controls, and appeals may, be made to the district court direct."

The reasoning employed in the opinion in the Clark Case, supra, and that in the opinion on rehearing in this case, in reaching the conclusion that appeals may be had direct to the district court in the matters stated without the necessity of first prosecuting an appeal to the state superintendent of public instruction from a decision of the county trustees, has much force, and the inference is plausible; but the act contains no such express provision. On the other hand, article 4510, Vernon's Sayles' Civil Statutes, provides in part:

"The superintendent of public instruction shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the state. He shall hear and determine all appeals from the rulings of the decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions, unless they are reversed by the state board of education."

The county trustees referred to in the amendatory act being subordinate school officers, the language of the article quoted is all-inclusive as to the appeals from their decisions that shall be heard by the state superintendent of public instruction. No exception is provided. The article was construed in Nance v. Johnson, supra, and no limitation as to the character of appeals authorized was suggested. To hold that in the absence of express provision an appeal lies direct to the district court from the decision of the county trustees is tantamount to holding that the Legislature by the amendatory act repealed by inference or at least so modified article 4510 as to make it inapplicable to those appeals from the decisions of the

county trustees relating to the creation and modification of school districts. Such an inference does not follow by necessary implication.

Construing sections 10 and 4a in connection with the provisions of article 4510, so as to give effect to the provisions of all, we are of opinion that the petitioners were not entitled to any remedy by injunction in the district court, in the exercise of its supervisory control over the action of the county board, until after an appeal had been taken to the state superintendent of public instruction and the state board of education.

We recommend, therefore, that the judgments of the district court and Court of Civil Appeals be reversed, and that the cause be remanded to the district court, with instructions to dismiss.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.