**COUNTY TRUSTEES OF NAVARRO COUN-
TY et al. v. BELL POINT COMMON
SCHOOL DIST. et al.  (No. 8474.)**

(Court of Civil Appeals of Texas. Dallas. March 12, 1921. Rehearing Denied April 9, 1921.)

Schools and school districts ☞39 — Injunction will not lie against abolition of district until after appeals to State Superintendent and Board of Education.

The law giving district courts general supervisory control of the action of county school trustees in creating, changing, and modifying school districts, does not authorize the issuance of an injunction against the abolition of a dis-

trict and the consolidation of its territory with other districts until appeals have been taken to the State Superintendent of Public Instruction and State Board of Education under Vernon's Sayles' Ann. Civ. St. 1914, art. 4510, though the school building may be destroyed during the delay involved in such appeals.

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Suit by the Bell Point Common School District and others against the County Trustees of Navarro County and others. From a judgment overruling a motion to dissolve a temporary injunction, defendants appeal. Reversed, and injunction dissolved.

Richard Mays, of Corsicana, for appellants.

Callicutt & Johnson, of Corsicana, for appellees.

HAMILTON, J. Appellees sought and obtained a temporary injunction in the district court of Navarro county against appellants restraining them, pending a trial upon the petition for a perpetual injunction, from proceeding to carry into execution a resolution which provided for partitioning Bell Point school district into three parts and consolidating the portions into which the district was thus divided respectively with Purdon school district, Jester school district, and Warren Chapel school district. Appellants answered appellees' verified petition for injunction and filed a motion to dissolve the temporary injunction writ previously granted upon an ex parte hearing. A trial was had upon the motion to dissolve the temporary injunction, resulting in a judgment which denied and overruled the motion, from which judgment this appeal was prosecuted.

The following proposition is submitted by appellants:

"The temporary injunction should not have been granted in the first instance, and should have been dissolved and not continued for the reason that the judge and district court were without jurisdiction to grant said injunction, for the reason that appellees had not at the time of the hearing, nor previously, presented the matters of which they complained to the school authorities, by appeal or otherwise, from the order of the Navarro county school trustees abolishing appellee district."

The view of the law stated by appellants, as above copied, we think must be sustained. While the law creating county school trustees and providing the scope of their duties and authority expressly declares that the district court shall have general supervisory control of the action of boards of trustees in creating, changing and modifying school districts, yet such control cannot be invoked and exercised until after passing through

the prescribed statutory procedure for appeal from the county school board's action to higher administrative school officials, to wit, the State Superintendent of Public Instruction, and, in the event he confirms the school board's action, then to the State Board of Education. This is the effect of our Supreme Court's decision in the case of Jennings v. Carson, 220 S. W. 1090. We regard that case as reflecting a full and final construction of legislative limitation upon the right of obtaining judicial redress against improper and wrongful exercise of authority by county school boards and also as determinative of the law of the instant case. That case arose from the action of the county board of school trustees of Hemphill county in refusing to create a school district by combining together parts of two existing districts. The authority of the school board in the premises was actively invoked by a petition submitted to them by those who brought the suit, in which petition the board was called upon to create the new district. Following the board's action in declining to create the district, suit was instituted to compel the performance of the solicited action. In disposing of the case, the Commission of Appeals considered only the question of whether or not it was necessary, as a condition precedent to the district court's jurisdiction, that an appeal from the action of the county trustees should be prosecuted to the State Superintendent of Public Instruction and from his decision, if adverse, to the State Board of Education. The various applicable statutory provisions were treated in the opinion of the Commission of Appeals, and after referring to certain other decisions, which were overruled, the case was disposed of in the following language:

"The reasoning employed in the opinion in the Clark Case, supra [Clark et al. v. Hallam et al., 187 S. W. 964], and that in the opinion on rehearing in this case, in reaching the conclusion that appeals may be had direct to the district court in the matters stated without the necessity of first prosecuting an appeal to the State Superintendent of Public Instruction from a decision of the county trustees, has much force, and the inference is plausible; but the act contains no such express provision. On the other hand, article 4510, Vernon's Sayles' Civil Statutes, provides in part: 'The Superintendent of Public Instruction shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the state. He shall hear and determine all appeals from the rulings of the decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions, unless they are reversed by the State Board of Education.' The county trustees referred to in the amendatory act being subordinate school officers, the language of the article quoted is all-inclusive as to the appeals from their decisions that shall be heard by the State Superintendent of Public Instruction.

No exception is provided. The article was construed in Nance v. Johnson, supra, and no limitation as to the character of appeals authorized was suggested. To hold that in the absence of express provision an appeal lies direct to the district court from the decision of the county trustees is tantamount to holding that the Legislature by the amendatory act repealed by inference or at least so modified article 4510 as to make it inapplicable to those appeals from the decisions of the county trustees relating to the creation and modification of school districts. Such an inference does not follow by necessary implication. Construing sections 10 and 4a in connection with the provisions of article 4510, so as to give effect to the provisions of all, we are of opinion that the petitioners were not entitled to any remedy by injunction in the district court, in the exercise of its supervisory control over the action of the county board, until after an appeal had been taken to the State Superintendent of Public Instruction and the State Board of Education. We recommend, therefore, that the judgments of the district court and Court of Civil Appeals be reversed, and that the cause be remanded to the district court, with instructions to dismiss."

The holding of the Commission of Appeals upon all questions discussed in the opinion was expressly approved by the Supreme Court.

The fact that in the Jennings v. Carson Case, supra, the county trustees refused to exercise their powers in a way deemed proper by their adversaries therein, whereas in this case they were in the act of aggressively exercising them in a way deemed improper by appellees, does not render the Supreme Court's decision any the less applicable here. In each instance the question of whether or not their conduct was a proper exercise of authority and discretion is involved; and in every such instance it must be first reviewed by supreme school authorities before resort to the courts. Such is the necessary effect of the decision from which we have quoted above.

Appellees indicate in their brief that the law supplies them no relief at all because the delay involved in the successive appeals prescribed by statute would be of such long duration that their school building would be destroyed by appellants before all such statutory steps could possibly be taken, and that therefore the general equity power of the district court was available to them against any wrong for which the law supplied no adequate remedy. But we think the opinion of the Supreme Court upon which our disposition of this case rests is an answer to that suggestion. That such conditions might arise under the procedure provided seems to have been recognized by the Legislature in enacting chapter 65 of the General Laws of the Thirty-Sixth Legislature, wherein it is provided that contiguous common school districts shall be consolidated with each other

or with adjoining independent school districts by vote of the inhabitants of such districts at an election for that purpose, which law became effective soon after this suit was instituted. Chapter 65, § 1, Gen. Laws 36th Leg.

Construing the opinion of the Supreme Court in the Jennings Case, supra, to sustain appellants in this case, we are of the opinion that the temporary injunction ought not to have been granted, and accordingly the judgment appealed from is reversed, and judgment here entered dissolving the temporary writ of injunction.

Reversed, and injunction dissolved.