**SOUTH SAN ANTONIO INDEPENDENT SCHOOL DIST. et al. v. MARTINE.
(No. 7418.)**

(Court of Civil Appeals of Texas. San Antonio. May 20, 1925. Rehearing Denied June 13, 1925.)

1. **Schools and school districts ☞65—Right of control of school property by board of trustees can be challenged only by bringing question before board obtaining its ruling, and then appealing to state superintendent of public instruction.**

Under Rev. St. arts. 2867 and 2871, relating to control of schools in cities and towns, and article 2872, title and possession of school property is vested in board of trustees in trust for use and benefit of public free schools, and board's control is exclusive of all other authority, and such right of control can be challenged only by bringing matter before board, obtaining its ruling, and then appealing to state superintendent of public instruction, who, under article 4510, has authority to determine appeals from rulings or decisions of subordinate school officers.

2. **Schools and school districts ☞47 — State superintendent of public instruction has authority to hear and determine all appeals from rulings and decisions of all subordinate school officers.**

Under Rev. St. art. 4510, giving state superintendent of public instruction power to hear and determine appeals from rulings and decisions of subordinate school officers, he has power to hear and determine such appeals from all subordinate school officers, and not those of schools organized in certain way.

3. **Schools and school districts ☞20—Courts cannot acquire jurisdiction of dispute as to use of school building except after state superintendent of public instruction and state board of education had passed on matters in controversy.**

Under Rev. St. arts. 2867, 2871, 2872, relating to control of school property, and article 4510, giving state superintendent of public instruction authority to determine appeals from rulings or decisions of subordinate school officers, courts cannot acquire jurisdiction of dispute as to use of school property permitted by board of trustees, except after state superintendent and state board of education have passed on matters in controversy.

4. **Injunction ☞136(2)—Granting temporary injunction to prohibit board of school trustees from permitting use of school building held error.**

Under Rev. St. arts. 2867, 2871, 2872, relating to control of school property, and article 4510, giving state superintendent of public instruction authority to determine appeals from rulings or decisions of subordinate school officers, granting temporary injunction prohibiting school trustees from permitting use of school building for public entertainments, etc., was improper, where no proceeding had been brought before board of trustees, and no appeal had been taken to state superintendent.

Appeal from Thirty-Seventh District Court, Bexar County; W. S. Anderson, Judge.

Suit by J. A. Martine against the South San Antonio Independent School District and others. From a judgment granting temporary injunction, defendants appeal. Reversed, and cause dismissed.

A. S. West, of South San Antonio, and O. B. Black, of San Antonio, for appellants.

Heilbron & Kilday, of San Antonio, for appellee.

FLY, C. J. Appellee applied for and obtained a temporary writ of injunction restraining the school district and its board of trustees "from directly or indirectly, authorizing, permitting, allowing, or acquiescing in the use of any of the school property of said district for any purpose other than school purposes, pending the final disposition of this cause, and restraining them, and each of them, their agents, servants and employees, from directly or indirectly, authorizing, permitting, allowing, or acquiescing in the use of any of the school property of said district by any person, club, organization, or fraternal society for any private, sectarian, political, or social purpose, pending a final hearing and determination of this cause." Appellee claimed in his bill that he was a resident of the school district and a taxpayer therein. He claims in his bill that the schoolhouse, which cost $34,000, about five years ago, has electric lights and water facilities, both

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes·

of which are paid for out of school taxes, as well as the upkeep and maintenance of the building. The complaint was that the board of trustees had allowed various and sundry persons, clubs and fraternal societies, to use the building. It was further alleged that these persons and organizations had used the building for sectarian, political, and religious purposes, and it stated that in November, 1923, the trustees allowed a Sunday school class of the South San Antonio Baptist Church to have a "box supper" in the school building, and that the funds arising from the enterprise were used by the class for its own purposes. On another occasion one Dale was allowed to stage a vaudeville show in the school building, and on another occasion candidates for public offices held a meeting. Among others who used the building were persons who belonged to a band, brass or otherwise, and actually practiced their music in the building, and "a certain organization known as the Kamelia" held some kind of entertainment in the building. Again "an organization known as the Maccabees" held an entertainment, and then, to cap the climax, "a certain individual," name not disclosed, held an entertainment for his own use and benefit. All these people used water and electricity and increased expenses and caused wear and tear on the building, and caused great damage. Appellants moved to dissolve and dismiss because the court had no jurisdiction.

[1] It is provided in article 2867, Rev. Stats. that a city or town may assume exclusive control of the public free schools in its limits, and by the terms of article 2872, the title to all houses, lands, and other property by the schools is vested in the board of trustees, "and such board of trustees shall have and exercise the exclusive control and management of such school property, and shall have and exercise the exclusive possession thereof for the purposes aforesaid." Of course the title and possession of school property is vested in the board of trustees in trust for the use and benefit of the public free schools in the city, town, or district, but control of the property by the trustees is exclusive of all other authority. Having supreme and exclusive authority over the property of the schools of the district, the right

of control of the property can be challenged in but one way, and that is by bringing the matter before the board, obtaining their ruling, and then appealing, if desired, to the state superintendent, who is given authority to determine all appeals from the rulings or the decisions of subordinate school officers. Article 4510, Rev. Stats. As said by this court in Donna Independent School Dist. v. Bank, 227 S. W. 974:

"It seems to be the fixed policy of the Legislature to create an educational system of public free schools that is sufficient unto itself and free as far as practical from any interference by the judiciary. The courts fully recognize the desire of the legislative branch of the state government and uniformly hold that the remedies provided for before school authorities must be exhausted before the courts will interfere."

That was said in a case where the independent school district was in all respects governed by the same laws as the one figuring in this case. Article 2871.

[2, 3] Appellee made no effort to obtain any redress for the wrongs, fancied or otherwise, from the school board, and, of course, did not exhaust the remedies absolutely required to be exhausted before appeal for redress can be entertained in the courts of the state. The legislative means for obtaining relief were ignored by appellee and the court from whom he sought succor. The state superintendent of public instruction is given the power to hear and determine all appeals from the rulings and decisions of subordinate school officers. That includes all subordinate school officers, and not those of schools organized in a certain way. The courts cannot acquire jurisdiction except after the state superintendent and state board of education have passed upon the matters in controversy. McCollum v. Adams (Tex. Civ. App.) 110 S. W. 526; Trustees v. Dudney (Tex. Civ. App.) 142 S. W. 1007; Jennings v. Carson (Tex. Com. App.) 220 S. W. 1090; County Trustees v. Bell Point School Dist. (Tex. Civ. App.) 229 S. W. 697.

[4] We are of opinion that the district court had no right or authority to grant an injunction under the bill presented to the court, and the judgment will be reversed and the cause dismissed.