## MARTINE v. SOUTH SAN ANTONIO INDEPENDENT SCHOOL DIST. et al. (No. 14243.)

(Supreme Court of Texas. Nov. 18, 1925.)

On Application for Writ of Error from Court of Civil Appeals of Fourth Supreme Judicial District. Refused.

For former opinion, see 275 S. W. 265.

Heilbron & Kilday and Harry L. Howard, all of San Antonio, for applicant.

PER CURIAM. While we do not doubt the jurisdiction of the district court over a suit to prevent the improper use of school property, yet, since the petition in this case failed to disclose an abuse of discretion on the part of the trustees such as to give a cause of action to a private citizen, we refuse the application for the writ of error.

## BAGGETT v. LIVERPOOL & LONDON & GLOBE INS. CO., LIMITED, OF LONDON, ENGLAND. (No. 14219.)

(Supreme Court of Texas. Nov. 18, 1925.)

On Application for Writ of Error from Court of Civil Appeals of Third Supreme Judicial District. Refused.

For former opinion, see 275 S. W. 313.

W. A. Morrison, of Cameron, for applicant.

PER CURIAM. The only thing absent from the copy of the application which was attached to the policy was the signature of Baggett. There is no contention that it was not in all other respects a substantial copy of the original application. Under the circumstances, the absence of the signature becomes immaterial. Baggett having offered in evidence all of the policy except the application, the whole was admissible when offered by the insurance company.

The Court of Civil Appeals having made a correct disposition of the case, the writ of error is refused.

## MORGAN v. MASSILLON ENGINE & THRESHER CO. et al. (No. 14271.)

(Supreme Court of Texas. Nov. 18, 1925.)

On Application for Writ of Error from Court of Civil Appeals of Ninth Supreme Judicial District. Refused.

For former opinion, see 274 S. W. 255.

J. R. Hill and Pritchett Harvey, both of Houston, for applicant.

PER CURIAM. With the heirs to the deceased judgment debtors invoking the jurisdiction of the district court to determine whether the land was subject to sale, under allegations that no administrations were pending, it is plain that the Supreme Court was authorized to decree the land's sale. The judgment of the Supreme Court and the sale thereunder were neither void nor voidable, but proper and valid.

The application for writ of error is refused.