COUNTY SCHOOL TRUSTEES et al. v. COMMON SCHOOL DIST. No. 6 et al.
(No. 218.)

(Court of Civil Appeals of Texas. Eastland.
April 16, 1926. Rehearing Denied
May 28, 1926.)

1. Schools and school districts ⬅⮕27, 39.

State superintendent has authority to review acts of county board of trustees in creating, changing, or modifying districts.

2. Schools and school districts ⬅⮕47.

Before resort can be had to courts to review decision of state superintendent on matters within his jurisdiction, appeal must be taken from his decision to state board of education.

3. Schools and school districts ⬅⮕20.

As long as state superintendent acts within scope of his powers, courts will not interfere with exercise of his discretion, unless there is clear abuse thereof, or his decision is in violation of law.

4. Schools and school districts ⬅⮕20—In determining whether state superintendent has abused discretion, courts will consider only whether exercise thereof is reasonable.

In determining whether state superintendent has abused discretion, courts will not consider whether decision is wise or expedient, but only whether it is reasonable exercise of his power and discretion.

5. Schools and school districts ⬅⮕20.

Whether decision of state superintendent is reasonable exercise of his discretion is question of law.

6. Injunction ⬅⮕136(2)—Where mandamus was brought to compel county board of trustees to rescind order dividing school district, as directed by state superintendent, granting of temporary injunction to restrain issuance and payment of vouchers of new school district held error.

Where mandamus was brought to compel county board of trustees to rescind order dividing school district, as directed by state superintendent, granting of temporary injunction to restrain issuance and payment of vouchers of new school district held error, where teachers whose salaries would be stopped were not made parties, and such action would disrupt school which was being conducted there.

Appeal from District Court, Dawson County; Clark M. Mullican, Judge.

Suit for writ of mandamus by Common School District No. 6 and others against the County School Trustees and others. From an order overruling defendants' motion to dissolve a temporary injunction, they appeal. Judgment reversed, and temporary injunction dissolved.

Garland & Yonge, of Lamesa, for appellants.

Lockhart & Garrard, of Lubbock, for appellees.

PANNILL, C. J. Appellees common school district No. 6 of Dawson county and the trustees thereof brought this suit for a writ of mandamus against the county board of trustees, the county superintendent, certain individuals alleged to be acting as trustees of common school district No. 31, which district was without legal existence, the State National Bank, depository of school funds, to compel the board of county trustees to obey and enforce an order of superintendent of public instruction hereinafter more fully shown.

The petition disclosed the following facts: That prior to March 18, 1925, common school district No. 6 was composed of 40 sections of land, and on the date mentioned said county board divided said district, and created therefrom common school district No. 31. On May 24th following a petition to rescind said order was presented to the county trustees. This resulted in a readjustment of the boundaries of the two districts, otherwise the petition was denied.

Appeal was prosecuted, and the following order entered:

"Now, therefore, I, S. M. N. Marrs, by virtue of the authority vested in me by law, do hereby direct the county board of trustees of Dawson county to adopt a resolution setting aside of the orders adopted March 18, 1925, and May 4,

1925, and declaring them to have no force and effect.

"The county board of trustees is further advised that, if the property taxpayers of district No. 6 do not, prior to May 1, 1926, vote an increase in school tax, and authorize the issuance of bonds and locate the new schoolhouse near the geographical center of the original district, as proposed by appellants, then the county board of trustees, on its own motion, should consider the propriety of dividing the district.

"Given under my hand and seal this the 23d day of November A. D. 1925.

"[Signed]    S. M. N. Marrs."

The reasons for the order are omitted as not being material. Further allegations were that the board of county trustees refused to obey the order of superintendent, and had refused to rescind its former action as ordered by him, although no appeal had been prosecuted and the order of the state superintendent had become final; that contracts were made by the pretended trustees, and approved by the county superintendent to pay teachers $100 and $75 per month respectively, to teach a seven-month term in the alleged defunct district, and have issued, or are threatening to issue, vouchers for the salaries contracted to be paid, and that the county superintendent had approved, or was threatening to pay, such vouchers. Prayer was for mandamus against county trustees and county superintendent, and for temporary injunction against the county superintendent, the depository bank, and individuals acting as trustees of the moribund district No. 31 from issuing and paying vouchers on funds of latter district.

The district judge of Dawson county certified his disqualification. The petition was presented to the judge of the one hundred and fifth district, and the injunction granted as prayed for. The defendants moved to dissolve the injunction, which motion was overruled; hence this appeal.

The verified motion to dissolve, as well as the decision of the state superintendent, shows that, after the new district was created, both the new and old districts voted the issuance of bonds to build a schoolhouse in each district, and such bonds are being held in the office of the Attorney General, pending the appeal to the state superintendent. The record does not show when the appeal was taken to the state superintendent, but it does show that as late as September 14, 1925, appellees were still endeavoring to procure the approval of the bonds of district No. 6 voted after the creation of district No. 31; that the principal teacher of the latter district was employed in October.

Without stating in detail the contentions arising on this appeal, the following observations, it is believed, will dispose of all the questions deemed material:

[1, 2] The state superintendent has authority to review the acts of a county board of trustees in creating, changing, or modifying school districts. Jennings v. Carson (Tex. Com. App.) 220 S. W. 1090. Before resort can be had to the courts to review the decision of the state superintendent on matters within his jurisdiction, appeal must be taken from his decision to the state board of education. Jennings v. Carson, supra.

[3-5] As long as the state superintendent acts within the scope of his powers, the courts will not interfere with the exercise of his discretion, unless there is a clear abuse thereof, or unless his decision is in violation of law. In determining whether the state superintendent has abused his discretion, the courts will not consider whether his decision is wise or expedient, but only whether it is a reasonable exercise of his power and discretion, and such reasonableness is a question of law for the court to determine. State v. Abshier (Tex Com. App.) 263 S. W. 264.

[6] It is not necessary to decide the question of the reasonableness of the state superintendent's order. The only matter presented for decision is whether the trial court should have granted the temporary injunction which necessarily had the effect to stop the school then in progress in the territory embraced in the boundaries designated as district No. 31. It is shown by the verified motion to dissolve that a school was being taught in said district with an attendance of 60 pupils, and located at a convenient point, and with capable teachers in charge.

It will be observed that neither of the teachers whose contracts were invalidated by the issuance of the writ of injunction were made parties to this suit. It has been often declared that a suit to restrain the execution of a contract of a municipality cannot be maintained, unless the parties to the contract are parties to the suit; that such contracting parties are necessary and indispensable parties to the bill. Basham v. Holcombe, Mayor, et al. (Tex. Civ. App.) 240 S. W. 691; Bonner et al. v. City of Texarkana et al. (Tex. Civ. App.) 227 S. W. 505, and authorities there cited.

According to the sworn answer which was not denied, these teachers had been teaching the school for nearly three months when the injunction was granted, one of them under a contract entered into and duly approved prior to the time the decision of the state superintendent was rendered. Her contract under the authorities could not be destroyed in any action, unless she was a party thereto. For the omission of necessary and indispensable parties to said bill for a temporary injunction, it must be dissolved. The fact that the appellees have made a showing which would entitle them to writ of mandamus against the county trustees does not entitle them as a matter of law to have the school being conducted within the boundaries designated as district No. 31 disrupted with the contingent consequence of a probable denial to the children in such territory of an

opportunity to attend school while the mandamus suit is pending.

The whole purpose and object of all of our laws with respect to school matters is to afford children within the scholastic age an opportunity to attend school. This opportunity should not be denied them on account of the litigious inclinations of the respective parties to this suit.

If an amended bill in equity is filed, an injunction restraining the carrying on of a school in the disputed territory for the remainder of the present term should not be granted, unless it clearly appears to the court that adequate school facilities have been provided by the trustees of district No. 6 for the scholastics of district No. 31.

It is a serious question as to whether the contracts for the teachers teaching this school can be assailed under the circumstances. The contract was to teach a school within district No. 6, and was approved by the county superintendent. The funds, even though belonging to district No. 6, are being appropriated to the very purpose for which they were provided by law. These contracts are evidently irregular, if the plaintiffs' contention as the effect of the decision of the superintendent of public instruction is correct, but not necessarily void.

It may be that the contract with the principal teacher in October was made before the appeal was taken and without notice. Freeman on Judgments (5th Ed.) § 1174; Stroud v. Casey, 25 Tex. 740, 78 Am. Dec. 556.

For the reasons indicated, the judgment is reversed, and temporary injunction is dissolved.