A. F. WARREN ET AL. V. SANGER INDEPENDENT SCHOOL DISTRICT ET AL.

No. 4632.    Decided November 24, 1926.
(285 S. W., 159).

**1.—Public Schools—School Authorities—Jurisdiction of Courts.**

The rule that resort to the State school authorities must first be made before courts are authorized to hear any complaints against the action of trustees pertains only to such matters as are by law placed under the supervision of State authorities.    (P. 185).

**2.— Same — Trustees — Deficiency — Payment From Funds of Subsequent Year—Injunction.**

The trustees of an independent school district being forbidden by law to create a deficiency debt against the district in the employment of teachers (Rev. Stats., 1925, Art. 2749), the District Court had jurisdiction of an action to enjoin them from paying same out of current funds for the support of the school for a succeeding year; and this without appealing for that relief first to the State Superintendent or the State School Board.    Such court erred in dissolving its temporary injunction and dismissing the action for want of jurisdiction.    (Pp. 184-187).

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Denton County.

The Supreme Court referred the question to the Commission of Appeals, Section B, for its opinion thereon, and here adopts same to be certified as the answer of the court.

*Culp, Culp & Culp,* for appellants.

A school maintenance fund of one year of an independent school district cannot be used to pay off a deficiency debt for maintaining the school for a previous year.    The District Court, where the amount in controversy justifies, has jurisdiction to restrain by writ of injunction a void or unlawful use or appropriation by the school trustees of an independent school district

of the school funds of said district.    Collier v. Peacock, 93 Texas, 255, 54 S. W., 1025; Collier v. Peacock, 55 S. W., 756; County Trustees v. Bell Point Com. Sch. District, 229 S. W., 697; Crabb v. Sch. Dist., 146 S. W., 528; Donna Ind. Sch. Dist. v. First State Bank, 227 S. W., 974; Freeport Sch. Dist. v. Com. Sch. Dist., 115 Texas, 133, 277 S. W., 97; Jennings v. Carson, 220 S. W., 1090; Vernon's Sayles' Texas Civ. Stats., Art. 2824; Vernon's Ann. Civ. Stats. Supp., 1918, Sec. 2749h; Texas Constitution, Sec. 10, Art. 11; Texas Constitution, Secs. 3 and 3a, Art. 7.

*McLean, Scott & Sayers,* for appellees.

Art. 4510 Vernon's Sayles' Civ. Stats., gives the Superintendent of Public Instruction exclusive authority to hear and determine all appeals from subordinate school officers and an appeal must be taken to the superintendent and a final hearing had before him as a condition precedent to the right of an aggrieved party to have such action reviewed before the State courts.    Vernon's Sayles' Civil Stats., Art. 4510; Trustees of Chillicothe Sch. v. Dudney, 142 S. W., 1007; McCollum v. Adams, 110 S. W., 527; Donna Ind. Sch. Dist. v. Bank, 227 S. W., 974; Jennings v. Carson, 220 S. W., 1090; County Trustees v. Bell Point Com. Sch. Dist., 229 S. W., 697.

MR. JUDGE SPEER delivered the opinion of the Commission of Appeals, Section B.

The Court of Civil Appeals for the Second District has certified to the Supreme Court the question whether or not the District Judge erred in this case in dissolving a temporary writ of injunction previously granted to restrain the trustees of Sanger Independent District and others from unlawfully expending funds of the district assessed and collected for the maintenance of the public schools for the current year, merely because the complainants had not first applied to the school authorities of the State for such relief, the threatened wrong being the disbursement of current school funds in payment of a debt covering a deficiency in the maintenance of the schools for a previous year.    The court not only dissolved the injunction, but dismissed the cause for want of jurisdiction.

We answer, the court did err in dismissing the cause for want of jurisdiction.

Undoubtedly the court had the power to grant the writ unless

the statutes regulating the public schools have conferred the exclusive right primarily upon the school authorities.

Art. 2655 (4510-13) of the Rev. Civ. Stats., 1925, provides:

"The State Superintendent shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the State. * * * He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the State Board."

It has been uniformly held that the resort to the school authorities must first be made before the courts will be authorized to hear any complaint as to a matter properly belonging to the administration of the school laws. It is a condition precedent to the exercises of the jurisdiction of the civil courts. Jennings v. Carson (Com. App.), 220 S. W., 1090; South S. A., etc., Dist. v. Martine (Texas Civ. App.), 275 S. W., 265; McCollum v. Adams (Texas Civ. App.), 110 S. W., 526; Trustees, etc., v. Dudney (Texas Civ. App.), 142 S. W., 1007; County Trustee, etc., v. Bell Point School Dist. (Texas Civ. App.), 229 S. W., 697. But in the very nature of things such exclusive prior jurisdiction pertains only to such matters as are by law placed under the supervision of the school authorities. An examination of the cases recognizing this prior jurisdiction will show that they are instances of that character. It is only as to matters committed to the school authorities that they have a right to decide at all. Of course jurisdiction carries with it the right to decide wrong as well as right. The test is the power to hear and decide—one way or the other. To attempt to hear and decide in favor of a matter that is expressly forbidden by law is not the exercise of jurisdiction at all. The attempt is futile and the pronouncement void. The act of defendant trustees, however commendable the spirit in whch it was done, creating the debt here sought to be paid, was void. It was contrary to the express provisions of law (Rev. Civ. Stat. 1925), Art. 2749 (2823-4), forbidding trustees to create a deficiency debt against the district in the employment of teachers. The debt as against the district being void, there was nothing for the school authorities to pass upon. There was no room for the exercise of any sort of discretion. They could in no event have decided in favor of the application of the 1925 taxes to the payment of the deficiency created in a previous year. Being void, and not a subject for decision, the school authorities had no jurisdiction whatever. The wrongs complained of being clearly within the

jurisdiction of the district court, it rightfully granted the writ in the first place, but wrongfully thereafter dismissed the cause.

The views we have expressed not only commend themselves to sound reasoning, but find support in the decisions of this State.

In Crabb v. Celeste, etc. Dist. (Sup.), 146 S. W., 528, a resort to the courts directly appears to have been sustained where the act of the school board sought to be enjoined was void. The question of the jurisdiction of the court was not mentioned. It was assumed.

Judge Powell for the Commission of Appeals recognized the distinction we are drawing in Freeport, etc. Dist. v. Dist. (277 S. W., 97), where it was held that the District Court might rightfully enjoin school trustees in a void act. He said:

"In other words, we have an attack, not upon a de facto body acting under color of law, but upon the attempt of a district, the validity of whose legislative charter is recognized, to do a thing without any warrant of law and thereby commit a void act. We have here a direct proceeding, promptly instituted. * * * We take no issue with the many authorities upon quo warranto proceedings, but simply hold that, under our answer to the first question herein, this suit was properly brought to set aside orders which were void and without any basis in law."

But perhaps more forceful than any other case, is the per curiam memorandum made by the Supreme Court in refusing the application for a writ of error in Martin v. South San Antonio Ind. Sch. Dist., 115 Texas, 145, 277 S. W., 78. In that case the Court of Civil Appeals for the Fourth District had held the District Court had no jurisdiction to entertain a suit for injunction against the school board prior to a submission of such complaint to the school authorities. (275 S. W., 265.)

The memorandum is as follows:

"While we do not doubt the jurisdiction of the District Court over a suit to prevent the improper use of school property, yet, since the petition in this case failed to disclose an abuse of discretion on the part of the trustees, such as to give a cause of action to a private citizen, we refuse the application for the writ of error."

We are not now going to the extent of the implication in that holding, since there the matter of complaint related to the improper use of property clearly under the general supervision of the board of trustees, while here, as has been shown, the subject matter is one not committed at all to the board.

The question should be answered that the trial court did err,

both in his conclusion that he was without jurisdiction and in dissolving the temporary injunction.

The opinion of the Commission of Appeals answering certified questions adopted and ordered Certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.