JOHNSON et al. v. CITY OF DALLAS et al.
(No. 10003.)

(Court of Civil Appeals of Texas. Dallas.
Feb. 12, 1927. Rehearing Denied
March 12, 1927.)

1. Schools and school districts ⬯47—Legislature held to have placed educational affairs under jurisdiction of department of education, under statute (Rev. St. 1925, arts. 2656, 2657).

Under Rev. St. 1925, arts. 2656, 2657, held that Legislature intended to and did place the educational affairs of the state under the jurisdiction of the department of education.

2. Schools and school districts ⬯20—Appeal to higher department of education officials from order of local board of education held condition precedent to remedy in court (Rev. St. 1925, arts. 2656, 2657).

Before the courts would hear any complaint from order of local board of education as to matter properly belonging to administration of school laws under Rev. St. 1925, arts. 2656, 2657, held that complainant must first appeal to state superintendent and state board of education.

3. Schools and school districts ⬯158(1)—Requiring vaccination of pupils held within jurisdiction of local school board under city charter.

Under city charter, the city board of education was authorized, in the proper administration of school affairs, to require vaccination of pupils.

4. Appeal and error ⬯1039(5)—Error in overruling plea to jurisdiction held not to require reversal, where same result was reached by sustaining general demurrer.

Where court ordered dismissal of the case on sustaining general demurrer, error in overruling a plea to the jurisdiction held not to require reversal.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Injunction and mandamus by H. W. Johnson and others against the City of Dallas and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Earle E. Hurt and Eckford & McMahon, all of Dallas, for appellants.
J. J. Collins, City Atty., and Hugh S. Grady, H. P. Kucera, and W. Hughes Knight, Asst. City Attys., all of Dallas, for appellees.

LOONEY, J. Appellants Johnson, Curtis, Osborn, Myers, and Harrell, for themselves and as next friends for their respective minor children, all of school age, brought suit against the city of Dallas, its board of commissioners, the board of education of the city public schools, C. M. Moore, secretary of the board, N. R. Crozier, superintendent, and E. B. Cauthorn, assistant superintendent of the schools, to enjoin defendants from enforcing a regulation of the board of education requiring all pupils to be vaccinated by scarification before being permitted to attend and receive instruction in the schools, and also for mandamus compelling the defendants to permit the minor plaintiffs to attend and receive instruction without vaccination.

In due order the defendants urged a plea to the jurisdiction of the court on the ground that the plaintiffs failed to show that, before instituting the suit, they had exhausted their legal remedy of appeal from the order of the board of education, to the state superintendent of public instruction and to the state board of education.

The court overruled this plea, defendants excepted, filed cross-assignment of error, and present this ruling for review. Thereafter the court sustained a general demurrer, urged by defendants to plaintiffs' bill, and dismissed the same. To this ruling plaintiffs excepted, gave notice of, and duly perfected, an appeal.

[1] At the threshold we are met with the question of jurisdiction. In regard to the general duties of the state superintendent of public instruction, article 2656 (4510—13) Rev. St. 1925, provides:

"The state superintendent shall be charged with the administration of the school laws and a general superintendency of the business relating to the public schools of the state. * * * He shall hear and determine all appeals from the rulings and decisions of subordinate school officers, and all such officers and teachers shall conform to his decisions. Appeal shall always be from his rulings to the state board. * * *"

Further illustrating the functions of this official, article 2657 (4511) provides:

"The state superintendent shall advise and counsel with the school officers of the counties, cities and towns and school districts as to the best methods of conducting the public schools, and shall be empowered to issue instructions and regulations binding for observance on all officers and teachers in all cases wherein the provisions of the school law may require interpretation in order to carry out the designs expressed therein, also in cases that may arise in which the law has no provision, and where necessity requires some rule in order that there may be no hardships to individuals, and no delays or inconvenience in the management of school affairs."

[2] Construing these statutes our appellate courts have uniformly held that the Legislature intended to and did place the educational affairs of the state under the jurisdiction of the department of education, and provided specifically for appeals from the rulings and decisions of subordinate school officers to the superintendent of public instruction, and from the ruling of this official to the state board of education. As

(291 S.W.)

primary jurisdiction to revise the action of subordinate school officials is lodged with the department of education, it will be conclusively presumed that the department, acting within the scope of its jurisdiction, will correctly and faithfully discharge its duties, and those aggrieved by the action of subordinate officials, on any matter committed to them by the statute, must exhaust these remedies before appealing to the courts for redress. Adkins v. Heard (Tex. Civ. App.) 163 S. W. 127, and authorities there cited; Jennings v. Carson (Tex. Com. App.) 220 S. W. 1090; South San Antonio Ind. School Dist. v. Martine (Tex. Civ. App.) 275 S. W. 265; McCollum v. Adams (Tex. Civ. App.) 110 S. W. 526; County Trustees v. Bell Point Com. School Dist. (Tex. Civ. App.) 229 S. W. 697.

[3] In determining the question of jurisdiction, we are not concerned as to the reasonableness or unreasonableness of the vaccination order complained of, the question for us is, Was the subject within the jurisdiction of the board of education of the city; that is, did it have the power to hear and determine the matter one way or another? If yea, then it is clear appellants should have exhausted their legal remedy by pursuing the method of appeal provided by statute before resorting to the courts. Warren et al. v. Sanger Ind. School Dist. (Tex. Com. App.) 288 S. W. 159.

The city of Dallas was incorporated as a municipal corporation under a special act of the Legislature, and, prior to the action of its board of education complained of, had become an independent school district and controlled its public schools.

Article 5 of section 1 of the Charter of the city contains, among others, the following provisions:

"The city public schools shall be under the management and control of a board of education composed of a president and six members. * * * The members of said board shall * * * have exclusive control of the public schools of the city of Dallas. * * * Among the powers hereby conferred on said board of education, the following are for greater certainty enumerated * * * to establish all such regulations and rules deemed necessary by the board to provide and maintain an efficient system of public schools in the city of Dallas. * * *"

On September 10, 1926, the board of education adopted the regulation in question, reading as follows:

"No pupil, teacher, or other employé shall be admitted or received into any of the public schools of the city of Dallas unless such pupils, teachers or other employé shall have been duly vaccinated against smallpox. In determining the fact of vaccination, the certificate of a duly licensed physician that he has successfully vaccinated such child or person within a period of seven years prior to the time of the application for admission or reception into the schools shall be deemed conclusive."

It is obvious that exclusive control of the public schools of the city of Dallas was given its board of education by these charter provisions, with power to establish all rules and regulations necessary to maintain an efficient system of schools.

It is well known that smallpox is of frequent occurrence in the cities and towns of this section, that it is a dangerous disease, easily disseminated, and further that vaccination is generally recognized as a preventive. Therefore any regulation intended and reasonably calculated to prevent the introduction or spread of such a contagion among school children bears a direct and very intimate relation to the maintenance of efficient schools. As we view the matter, the board of education, in adopting the compulsory order for vaccination, acted on a purely administrative matter clearly within its jurisdiction.

Under general grants of power, in substance the same as those given the board of education of the city of Dallas, it has been held that school boards were authorized, in the proper administration of the affairs of schools, to require the vaccination of pupils as a condition precedent to their attendance upon said schools. McSween v. Board of School Trustees, 60 Tex. Civ. App. 270, 129 S. W. 206; Staffel v. San Antonio, etc. (Tex. Civ. App.) 201 S. W. 413, 414; Zucht v. King (Tex. Civ. App.) 225 S. W. 267; City of New Braunfels et al. v. Waldschmidt, 109 Tex. 302, 207 S. W. 303.

We hold, therefore, that appellants should have appealed from the order of the board of education to the superintendent of public instruction of the state, and to the state board of education, before entering the court. Having failed to pursue this remedy, the suit was unauthorized, and the court below was without jurisdiction.

[4] The error of the court, however, in overruling the plea to the jurisdiction, will not require a reversal, for the reason that the end that would have been reached had the court sustained the plea and dismissed the cause was actually reached later, when the court entered the order of dismissal on sustaining the general demurrer. The judgment below will therefore be affirmed.

Affirmed.