**STATE LINE CONSOLIDATED SCHOOL DIST. NO. 6 OF PARMER COUNTY et al. v. FARWELL INDEPENDENT SCHOOL DIST. et al.**

No. 3456.

Court of Civil Appeals of Texas. Amarillo.

Oct. 8, 1930.

Rehearing Denied Nov. 12, 1930. Writ of Error Granted Dec. 20, 1930.

Monning & Akin, of Amarillo, for appellants.

W. H. Russell, of Hereford, for appellees.

JACKSON, J.

This suit was instituted by the state line consolidated school district No. 6 of Parmer county, Tex., a common school district, and the trustees of said district, as plaintiffs, against the Farwell independent school district and the trustees thereof, the tax assessor and tax collector thereof, the board of county school trustees of Parmer county, Tex., and the members thereof, and the county superintendent of public instruction, as defendants. The plaintiffs sought to have the court cancel and hold for naught an order of the board of county school trustees of Parmer county, Tex., detaching certain territory from the state line consolidated school district No. 6 and annexing said territory to the Farwell independent school district, and enjoin the defendants from exercising jurisdiction for school purposes over the territory detached from the state line consolidated school district No. 6 and attached to the Farwell independent school district.

Plaintiffs alleged that such order of the Board of county school trustees was wholly void and illegal because at the time it was made there was an outstanding bonded indebtedness of approximately $500 against the common school district No. 6, and that said order was in direct contravention of article 2741 of the Statutes of 1925, providing that the area of a school district having an outstanding bonded indebtedness shall never be reduced until after such indebtedness shall have been discharged; that such order was made in utter and arbitrary disregard of the terms and provisions of article 2742b of Vernon's Civil Statutes and in contravention of the provisions of said article. The plaintiffs attached to and made a part of their petition a copy of the order, and set out in detail certain procedure required by the statute that was not complied with by the defendants.

A temporary restraining order was granted by the court on August 16, 1929.

The defendants answered January 14, 1930, at a regular term of court, pleading a general demurrer, and admitting that the allegations of the plaintiffs with respect to parties were correct; that the board of county school trustees had made the order complained of, but denying each and every other allegation in the petition. They also pleaded that the Farwell independent school district had a scholastic population in the year 1928–29 of 217 and in 1929–30 a scholastic population of 203; that on January 1, 1929, there was a bonded indebtedness owing to the state of Texas by common school district No. 6 of approximately $500, but that there had been collected from taxes from said district and placed in the sinking fund for the purpose of discharging such indebtedness the sum of $460, which sinking fund was on deposit with the county depository of Parmer county, Tex.; that said sum could be used for no other purpose, and

that said indebtedness could be paid off at any time; that, as a matter of adjusting said bonded indebtedness against the detached territory, as alleged by plaintiffs, the defendants tendered into court the balance due on said bonded indebtedness, with all accumulated interest thereon, with the request that the court instruct the clerk to pay said money into the depository of Parmer county, with directions to deposit it in the sinking fund to pay off and discharge said bonded indebtedness.

On a hearing on the merits on January 14, 1930, the temporary writ of injunction theretofore granted was dissolved and defendants discharged with their costs. The clerk was ordered to pay to the county treasurer of Parmer county the amount deposited in court, and the county treasurer was instructed to deposit said sum in the sinking fund of the state line consolidated school district No. 6, to be used only in discharging the bonded indebtedness of said common school district. From this judgment of the court this appeal is prosecuted.

 The record discloses that the order of the board of county school trustees complained of was made and entered upon the minutes of the board on the 12th day of June, 1929; that no appeal was prosecuted from said order to any court or to any higher school tribunal; that plaintiffs filed their suit in the district court on August 16, 1929; that the defendants in certain particulars failed to comply with the procedure provided by statute for detaching territory from a common school district and adding it to an adjacent independent school district; that at the time of the order no provision was made for discharging the $500 of bonded indebtedness against the common school district, but that thereafter an adjustment thereof was made. Acts 41st Leg. (1929) 2d Called Sess., c. 70, § 7.

These facts, in our opinion, show that the district court was without jurisdiction to grant the relief sought, and that this court is without jurisdiction to review the action of the District Court. R. C. S. 1925, arts. 2656, 2682, and article 2686, as amended by Acts 40th Leg. (1927) c. 83, § 1 (Vernon's Ann. Civ. St. art. 2686); Acts 41st Legislature (1929), First Called Session, p. 260, c. 109, § 2 (Vernon's Ann. Civ. St. art. 2742e, § 2); Jennings, County Judge et al. v. Carson (Tex. Com. App.) 220 S. W. 1090; Hibbitts et al. v. Robison et al. (Tex. Civ. App.) 281 S.W. 574; County School Trustees et al. v. Common School District No. 6 et al. (Tex. Civ. App.) 284 S. W. 306; Warren et al. v. Sanger Independent School District et al., 116 Tex. 183, 288 S. W. 159; Johnson et al. v. City of Dallas et al. (Tex. Civ. App.) 291 S. W. 972; Huntington Independent School District et al. v. Scroggins et al. (Tex. Civ. App.) 9 S.W.(2d) 171; Moseley et al. v. City of Dallas et al. (Tex. Com. App.) 17 S.W.(2d) 36.

 Appellants' contention that this court has jurisdiction because they attack as unconstitutional the curative statute, article 2744c, is not tenable, inasmuch as the authority of the board of county school trustees was not derived from such statute, and was in no way based upon the provisions of such article.

For the reason that the district court was without jurisdiction and this court acquired none by appeal, the case is dismissed.