## WALKER et al. v. DALLAS INDEPENDENT SCHOOL DIST. et al.

### Civ. No. 2839.

District Court, N. D. Texas, Dallas Division.

Feb. 2, 1948.

William Walker, of Dallas, Tex., for plaintiffs.

Gabe P. Allen, of Dallas, Tex., for Dallas Independent School Dist.

Price Daniel, Atty. Gen., of Texas, and John R. Greenhill, Asst. Atty. Gen., of Texas, for L. A. Woods, State Superintendent of Public Instruction, and for State Board of Education of Texas.

ATWELL, District Judge.

This complaint was presented on January 17th, and a show cause rule was issued on February 2d. On the latter date all of the defendants appeared, and there being an open court agreement that the hearing would be on the pleadings as framed without the trouble of making temporary and permanent orders, the entire matter was considered.

The plaintiffs seek entrance and relief on the allegation that, "This action arises under the Constitution of the United States, Art. 6, and Amendments 1 and 14." They allege that they were enrolled and regular attendants at the J. L. Long Public School, and the William Lipscomb Public School in Dallas; that on December 1, 1947 they were summarily expelled from their re-

spective schools by order of Superintendent W. T. White of the Dallas Public Schools, because they had not complied with the orders of their respective schools that they submit to secondary vaccination against smallpox.

They claim that to submit to such vaccination "is contrary to their religion and prohibits the free exercise thereof, and that it abridges the privileges and immunities of citizens of the United States and that each of said plaintiffs is a citizen of the United States."

They allege that the appeal from the expulsion order to the Dallas Independent School District was denied, and they then appealed to Woods, the State Superintendent of Public Instruction, and after denial there, they appealed to the State Board of Education, and that all relief was denied.

They then allege, "That the stated acts of all of the defendants are not supported by legislative Acts and are without due process of law; that these acts constitute arbitrary edicts by the defendants contrary to orderly democratic procedure; that these acts are opposed to public policy as generally administered throughout the United States. That these acts are not in the best interests of the health of the community and serve no beneficial purpose at this time."

They then allege no adequate remedy at law and the probability of suffering irreparable damage if immediate relief is not granted. A prayer asks the court to enjoin each of the defendants from further interference "with said plaintiffs' attendance at their respective schools and to further order the said schools to accept the said plaintiffs in their classes immediately, pending final hearing whereupon plaintiffs pray that said orders be made permanent."

The motions of the defendants must be sustained. There is no jurisdiction in this court under the bill. The only possible ground that might support an entry without jurisdictional amount and without diversity, is the violation of some pertinent constitutional right. Articles 1 and 6 of the Constitution which are mentioned in a general way, are not applicable to a suit of this sort since neither the United States through its Congress nor the State, has acted, nor is threatening to act in the inhibited zones carved by those amendments.

The XIV Amendment which is ordinarily sought for the protection of the citizen against alleged illegal exercise of some state regulation, is made inapplicable because of the allegation that "the acts of all of the defendants are not supported by legislative Acts and are without due process of law."

Both the state and national courts have repeatedly called attention to the sort of appeals which may or may not be heard with reference to the religious rights of the citizen and with reference to the vaccination of pupils. Zucht v. King, 260 U.S. 174, 43 S.Ct. 24, 67 L.Ed. 194; Jacobson v. Massachusetts, 197 U.S. 11, 25 S.Ct. 358, 49 L.Ed. 643, 3 Ann.Cas. 765; Johnson v. City of Dallas, Tex.Civ.App., 291 S.W. 972.

The motions to dismiss must be sustained. The plaintiffs ask to amend and permission is given.