P. W. BISHOP v. HOUSTON INDEPENDENT SCHOOL DISTRICT.

No. 5620. Decided June 25, 1930.
(29 S. W., 2d Series, 312.)

404

*J. S. Bracewell,* for appellant.

The plaintiff having alleged that such suspension was not made by lawful authority and particularly that the defendants had not proceeded in accordance with Art. 2898 of the Revised Civil Statutes of this state, the question involved was one of statutory construction and interpretation and was a judicial matter to be determined by the court and not by the school authorities. Henderson v. Miller, 286 S. W., 501; Warren v. Sanger Independent School District, 288 S. W., 159; Martin v. San Antonio Independent School District, 277 S. W., 78; Adams v. Miles, 300 S. W., 211; Limestone County Board of Education v. Wilson, 15 S. W., (2d) 144; Moseley v. City of Dallas, 286 S. W., 497.

The suspension is for persistent violation of a rule of the school which the pupil attends, and since Article 2898 of the Revised Civil Statutes of 1925 provides the mode of procedure for the suspension of a child from free school privileges in such cases, such mode of procedure is mandatory and exclusive. Chapter 18 of Title 49, Revised Civil Statutes of 1925; Art. 2892 to Art. 2898, Revised Civil Statutes of 1925; Section 15 of Chapter 91, Special Laws of the 39th Legislature, the same being the Special Act incorporating the Houston Independent School District; Art. 2902, Revised Civil Statutes of 1925; Millhollen v. Stanton Independent School District, 231 S. W. 332; I. & G. N. R. Co. v. Park, 169 S. W., 397.

Where the court acquires jurisdiction of a case for one purpose it acquires it for all purposes, and the court having jurisdiction to make an interpretation of the statute which plaintiff claimed had been violated, it also had jurisdiction to interpret the reasonableness of the rule of the School Board. Henderson v. Miller, 286 S. W., 501; Chestnutt v. Chism, 48 S. W., 549.

*Andrews, Streetman, Logue & Mobley* and *M. E. Kurth,* for appellees.

The Board of Education of appellee, Houston Independent School District, having the express power to manage and control the schools within its district has the power to pass such rules and regulations as are, in its judgment, reasonably necessary to carry out that purpose.

The Board of Education of appellee, Houston Independent School District, having the express statutory right to suspend any pupil for disorderly conduct, was within its statutory power in suspending the child of Appellant.

The act of appellees in promulgating and enforcing rules and regulations respecting the admission and attendance of pupils being an administrative act, under the law any person aggrieved thereby must first exhaust his remedies of appeal to the State Superintendent of Public Instruction or other official vested by law with the right to hear the same and finally to the State Board of Education before he resorts to court and in the absence of allegations showing that such remedies have been complied with the court acquires no jurisdiction. Chapter 91 of the Special Laws of the 38th Legislature creating Houston Independent School District; Revised Civil Statutes, 1925, Articles 2656, 2657; Article 2904, Vernon's Annotated Texas Civil Statutes, Revision of 1925; Staffel v. San Antonio School Board of Education, 201 S. W., 413; McCollum v. Adams, 110 S. W., 526; Trustees of Chillicothe Independent School District v. Dudney, 142 S. W., 1007; Johnson v. City of Dallas, 291 S. W., 972; City of San Antonio Independent School District v. Martine, 275 S. W., 265.

The clear intent of the Legislature in passing a compulsory education law was to provide a method of requiring attendance by children within the scholastic age, and not to deprive school trustees of the right and power to suspend children already in attendance for the violation of rules and regulations passed by the trustees and in any event is merely cumulative and not exclusive.

Same authorities.

MR. JUDGE LEDDY delivered the opinion of the Commission of Appeals, Section B.

Appellant sought a mandatory injunction against appellee to require the admission of his 13 year old daughter to the district school, from which she had been suspended for the violation of a rule which

prohibited her from taking lunch during the noon recess except from the school cafeteria or that which was brought from her home.

The trial court sustained the school district's plea in abatement because of appellant's failure to exhaust the right of appeal to the highest school authorities.

The Court of Civil Appeals reversed the judgment of the trial court, holding that the method of suspension or expulsion provided in the compulsory education statute was mandatory and exclusive and that the suspension of appellant's child was unauthorized and void, and should be enjoined. During the pendency of appellee's motion for rehearing the Court of Civil Appeals has certified a number of questions for the determination of the Supreme Court. In view of the conclusion reached by us as to a proper answer to the question as to whether the provisions of Article 2898 are mandatory, the remaining questions become immaterial, as the answer made by us is decisive of the entire controversy.

Section 1, Chapter 91, Acts 38th Legislature, Special Laws, p. 322, incorporating the Houston Independent School District, in enumerating the powers of the board of trustees, provides:

"The board shall establish, manage, and control, all public free schools within said district."

Article 2898 of the compulsory education law is as follows:

"Any child within the compulsory school attendance ages who shall be insubordinate, disorderly, vicious or immoral in conduct, or who persistently violates the reasonable rules and regulations of the school which he attends, or who otherwise persistently misbehaves therein so as to render himself an incorrigible, shall be reported to the attendance officer who shall proceed against such child in juvenile court. If such child is found guilty in said court the judge shall have the power to parole said child, after requiring the parent or other person standing in parental relation, to execute a bond in the sum of not less than ten dollars, conditioned that said child shall attend school regularly and comply with all the rules and regulations of said school. If the superintendent or principal of any school shall report to the attendance officer for said school that said child has violated the conditions of his parole, said attendance officer shall proceed against such child before the judge of the juvenile court, and if such child shall be found guilty of violating the conditions of said parole, the bond shall forthwith be declared forfeited and shall be collected in the same manner as other forfeited bonds under the general laws of this State, and the proceeds of same shall

be paid into the available school fund of the common or independent school district. The judge of said court may, after a fair and impartial hearing given to said child, again parole said child, requiring such bond as he may deem prudent, and require said child to again enter school. If said child shall violate the conditions of the second parole and shall be convicted of same he shall be committed to a suitable training school as may be agreed upon by the parent of the child and the judge of the juvenile court in which the child is convicted."

Appellant contends that the provisions of the foregoing article must be followed when the board of trustees concludes that a child within the compulsory education law should be suspended or expelled from school for the violation of rules promulgated by the proper school authorities, while it is appellee's view that the provisions of the above article are cumulative of the power theretofore existing in a board to suspend the privileges of public free schools and was not meant to abridge the same.

After a careful consideration of this question we have reached the conclusion that it was the evident purpose of the lawmaking body in enacting Article 2898 to furnish an additional remedy to that already possessed by the board of trustees in enforcing compliance with reasonable rules designed to bring about proper discipline in the public schools of this state.

It is an elementary rule of construction that a statute which is a part of an existing scheme of legislation upon a given subject must be so construed as to bring it in harmony with all other provisions if the language of such statute is fairly susceptible of such interpretation.

Should Article 2898 be construed as mandatory, its provisions would conflict with those conferring express power upon the Board of Trustees of the Houston Independent School District to manage and control the public schools of that district and there would also be a clash with the provisions of Article 2780, R. S., 1925, in which the board of trustees of independent school districts in cities are vested with "exclusive power to manage and govern" their schools.

If the procedure defined in Article 2898 must be followed in all cases when a child by its conduct brings itself within the terms thereof, then the control and management of our public schools, so far as the observance of rules is concerned, would be transferred from the board of trustees to the juvenile courts. Under such circumstances the board would be shorn of power to prescribe punish-

ment of any character whatever in all cases where pupils should persistently violate the rules so as to become incorrigible within the meaning of said article.

It will be observed that the act does not limit the reporting of pupils to the attendance officer whose conduct brings them within its terms in regard to a suspension or expulsion but the broad language used covers any case where a pupil has by its conduct come within the descriptive terms of the statute. Such a construction would just as effectually deprive the school authorities in the instant case of inflicting punishment of any nature whatever upon appellant's child because of a persistent violation of the rule promulgated by the board as it would prevent the child's suspension or expulsion. The school authorities would be required, by the plain terms of the statute, if the same be mandatory to report all such children for action by the juvenile court instead of inflicting various forms of punishment which might be prescribed by the official board.

We think appellant could complain with the same degree of consistency if his daughter had been required to perform extra school work or to remain a given time after school hours each day she violated the rule in question. There could be no answer to his contention that his child was shown to be incorrigible on account of her persistent violation of the rule and was therefore within the statute. If she had in fact became an incorrigible within the meaning and purport of the statute, and its terms be mandatory and exclusive, then it would necessarily follow that she would be subject to be dealt with only under the procedure therein outlined.

It is difficult to reach the conclusion that it was within the contemplation of the lawmaking body that the enforcement of discipline in the public schools should be shifted from the body which the Legislature has expressly authorized to "manage and control" them to the juvenile courts of this state. We think it a more reasonable conclusion that the purpose of this statute was to supplement the powers possessed by the board of trustees in order that they might have the advantage and assistance of the juvenile courts when a child should become incorrigible to such an extent that the board of trustees, in its discretion, should deem it prudent to invoke the exercise of the powers conferred upon such courts. To construe the statute as depriving such board of its power to enforce reasonable rules and regulations by such punishment as it might deem reasonable and proper under the existing circumstances would render it inconsistent with the grant to such board of authority to manage and control their public schools.

But it is argued that unless Article 2898 is construed as mandatory the efficiency of the compulsory education law would be materially impaired, as a pupil who did not wish to attend school could deliberately violate the rules in order to bring about its suspension or expulsion, and by this means the terms of the law could be rendered nugatory. We think such danger is more imaginary than real and that a situation of this character could be properly and effectively dealt with by the board of trustees of each school district. Where the school authorities should be of the opinion that a child is violating the rules for the express purpose of avoiding compliance with the provisions of the compulsory education law there is no reason why the method provided by Article 2898 could not be invoked to thwart such purpose.

We are not concerned with the reasonableness of the rule adopted by the board of trustees in this case. It was indisputably within the power of the board to enact a rule governing the subject matter which this rule covers, as it was designed to protect the health of the pupils during the hours they are committed to the care of the school authorities. Moseley v. City of Dallas, 17 S. W., (2d) 36. If it is unreasonable in its provisions appellant is not in position to invoke the aid of a court of equity until he has first exhausted the remedy afforded him by appealing to the proper school authorities as provided by our statutes. Johnson v. City of Dallas et al., 291 S. W., 972; Adkinson v. Heard, 163 S. W., 127; Warren v. Sanger Ind. School Dist., 288 S. W., 159; Jennings v. Carson, 220 S. W., 1090; Trustees, etc. v. Dudney, 142 S. W., 1007; McCollum v. Adams, 110 S. W., 526; County Trustees v. Bell Point Common School District, 229 S. W., 697.

It will be assumed by the courts that such authorities will declare the rule invalid and inoperative if any of its terms be unnecessarily harsh, oppressive or unreasonable. If, on the other hand, it is reasonable, as we must assume in this proceeding, then appellant, who has advised his child to violate the rule and caused her suspension, could be proceeded against under the penal provisions of the compulsory education law unless he availed himself of the privilege allowed by said law to place his child in a private school. Art. 299, P. C., 1925.

We recommend the first question certified be answered that the Court of Civil Appeals erred in holding Art. 2898, R. S., 1925, for the management and control of pupils within the provisions of the compulsory education statute mandatory and exclusive in the

matter of attendance upon the public free schools, and that no answer be made to the remaining questions.

The opinion of the Commission of Appeals answering the certified questions is adopted and ordered certified.

*C. M. Cureton,* Chief Justice.