### DISTRICT TRUSTEES OF DISTRICT NO. 46 AND FREESTONE COUNTY v. TRUSTEES OF FREESTONE COUNTY.

#### No. 2632.

Court of Civil Appeals of Texas. Waco.

March 1, 1945.

R. W. Williford, of Fairfield, and L. W. Shepperd, of Groesbeck, for appellant.

V. M. Johnston, of Palestine, and J. D. Pickett, of Palestine, on appeal only, for appellee.

HALE, Justice.

This is an appeal from an interlocutory order denying an application for a temporary injunction. Appellant, the District Trustees of District No. 46 in Freestone County, instituted the suit on September 1, 1944, against appellee, the County Trustees of Freestone County. Appellant alleged, among other things, that on August 23, 1944, appellee had arbitrarily, improperly and without authority of law classified its white school as an 8th grade school, thereby eliminating the teaching of the 9th and 10th grades for the school year

year 1944-45. It sought and secured, without notice or a hearing, the immediate issuance of a temporary restraining order. It also prayed that upon notice and a hearing it be given a temporary injunction pending a trial on the merits, enjoining appellee from forcing it "to begin the 1944-45 school term without teaching therein the 9th and 10th grades;" and that upon a trial on the merits the temporary injunction be made permanent. On September 16, 1944, after notice and a hearing on the application for a temporary injunction, the court entered an order denying the application and hence this appeal.

Appellant says the trial court erred in holding that appellee had the right to classify its school as an 8th grade school under the evidence in this case. Its sole assignment of error is based primarily upon the fact that it had employed three teachers prior to August 23, 1944, for the school year 1944-45, a part of the duties of one of the teachers being to teach the 9th and 10th grades, and that such fact was known to appellee at the time of such classification. Under its assignment of error it submits two propositions upon which its appeal is predicated, viz.: (1) "a county school trustee is an officer of the public, charged with a public duty, and there must be no abuse of discretion in the exercise thereof;" and (2) "when in the performance of a public duty, the officer charged with such duty abuses his discretion in the exercise thereof, complaint may be made of such conduct by appeal to the proper authorities."

Art. 2749 of Vernon's Tex.Civ.Stats. vests in the trustees of a common school district the management and control of the public schools in their district, including the right to contract with teachers. Art. 2678a of said statutes provides that the county board of school trustees, in the regular meeting in May of each year or as soon thereafter as practicable, shall classify the schools of the county in accordance with such regulations as the state superintendent may prescribe into elementary schools and high schools for the purpose of promoting the efficiency of the elementary schools and of establishing and promoting high schools at convenient and suitable places. Art. 2681 of said statutes also expressly authorizes the county school trustees to call an annual joint meeting of the district and county school trustees to be held in August or September of each year for the purpose of considering questions dealing with the location of high schools, the teaching of high school subjects and the classification of schools and requires the county school trustees to be guided in their action by the result of the deliberation of such meeting, not inconsistent with law.

Each of the statutes above referred to is but a part of the complete educational code of the State and, being thus in pari materia, they should be construed together. Love v. City of Dallas, 120 Tex. 351, 40 S.W.2d 20; Bishop v. Houston Independent School District, 119 Tex. 403, 29 S.W.2d 312; Trustees of Cranfills Gap Consol. School Dist. v. Board of School Trustees of Bosque County, Tex. Civ.App., 178 S.W.2d 537, error refused. Since the action complained of in this case was taken by appellee at a meeting held in accordance with the provisions of said Art. 2681, we cannot say as a matter of law that such action was absolutely void. State Line Consolidated School District, etc., v. Farwell Independent School District, Tex. Com.App., 48 S.W.2d 616.

Furthermore, after carefully considering all of the pleadings and evidence, we have reached the conclusion that appellant has failed to show such an abuse of discretion, if any, on the part of appellee or on the part of the trial court as would require or justify this court in reversing the judgment appealed from.

There was evidence tending to show that 50 white children had been enumerated in Common School District No. 46 for the school year 1944-45 but 20 of these children had been legally transferred upon the application of their parents to other schools of the county prior to August 23rd, thereby leaving only 30 children to attend appellant's white school; of the 20 children who had been transferred 19 were high school pupils and of the remaining 30 pupils not more than 3 would be in the 9th and 10th grades, if such grades were taught; suitable high schools were available to these 3 pupils if they wished to be transferred; appellant had employed its 3 teachers in April knowing that its school had not been classified for the coming school year and that its prior classification might be changed; in classifying all schools of the county appellee attempted to follow the rules, regulations and instructions promulgated by the State Department of Education; and that the services of the 3 teach-

ers employed by appellant could best be used in the teaching of the 27 pupils in the elementary grades.

Under the evidence to which we have referred we cannot say that appellee abused the discretion vested in it by law. But if so, there was neither pleading nor proof tending to show that appellee acted in a fraudulent manner or was guilty of a gross abuse of discretion in making the classification complained of. Hence we hold that appellant was not entitled to the injunctive relief sought. 34 Tex.Jur., p. 502, Sec. 102; 32 C.J., p. 242, § 384; Independent School District v. Salvatierra, Tex.Civ. App., 33 S.W.2d 790; Bourgeois v. Mills, 60 Tex. 76.

■ We think it should also be noted that the matter of granting, refusing or dissolving temporary injunctions is largely within the sound discretion of the trial court and will not be disturbed on appeal unless an abuse of discretion on the part of the trial court is apparent. Iden v. Lippard, Tex.Civ.App., 153 S.W.2d 642, point 1 and authorities.

Finding no reversible error in the case, appellant's assignment and propositions are overruled and the judgment appealed from is affirmed.