

# THE ATTORNEY GENERAL
## OF TEXAS

*Confidential*
*WWD-1056*

**AUSTIN 11, TEXAS**

PRICE DANIEL
ATTORNEY GENERAL

December 3, 1949

Hon. Jack C. Altaras
County Attorney
Johnson County
Cleburne, Texas

Opinion No. V-954.

Re: The applicability of
compulsory school at-
tendance laws to chil-
dren who are seventeen
and have not completed
the ninth grade.

Dear Sir:

We refer to your inquiry from which we quote, in substance, as follows:

"Article 2892, V.C.S. and Article 297, V.P.C., require every child in the State who is 7 years and not more than 16 years of age to attend public schools in the district of his residence for not less than 120 days annually. Article 2893, subd. 5, V.C.S., and Article 298, subd. (e), V.P.C., exempts a child from school attendance who is more than 16 years of age who has satisfactorily completed the work of the ninth grade and whose services are needed for the support of a parent, et cetera.

"The question here presented is whether or not a child who is 17 years (or any age over 16 years) and who has not satisfactorily completed the work of the ninth grade is sub-ject to compulsory school attendance."

The civil law, Article 2892, and the correspond-ing penal law, Article 297, read as follows:

"Every child in the State who is seven years and not more than sixteen years of age shall be required to attend the public schools in the district of its residence, or in some other district to which it may be transferred as provided by law, for a period of not less than one hundred and twenty days. The period of compulsory school attendance at each school shall begin at the opening of the school term

unless otherwise authorized by the district
school trustees and notice given by the trus-
tees prior to the beginning of such school
term; provided that no child shall be requir-
ed to attend school for a longer period than
the maximum term of the public school in the
district where such child resides."

The civil statute, subdivision 5 of Article
2893, and the corresponding penal law, Article 295, sub-
division (e), as amended by House Bill No.630, Acts 49th
Legislature, 1945, read as follows:

"The following classes of children are
exempt from the requirement of this law:

" . . .

"(e) Any child more than sixteen (16)
years of age who has satisfactorily complet-
ed the work of the ninth grade, and whose
services are needed in support of a parent or
other person standing in parental relation to
the child, may, on presentation of proper evi-
dence to the county superintendent, be exempt-
ed from further attendance at school."

It is an elementary rule of contruction that
a statute which is part of an existing scheme of legis-
lation upon a given subject must be so construed as to
bring it in harmony with all other provisions, if the
language of such statute is fairly susceptible of such
interpretation. Bishop v. Houston I.S.D., 119 Tex.403,
29 S.W.2d 312 (1930). It is pertinent also to note that
Articles 2892 through 2898 of the Civil Statutes and Ar-
icles 297 through 300 of the Penal Statutes, prior to
their codification in Revised Statutes of 1925, each had
their origin in the compulsory education law of 1915.
H.B.402, Acts 34th Leg., 1915, pp. 92 to 98.

Back in 1917 when the law, which is now codi-
fied as Article 2892, V.C.S., provided that every child
of eight years and not more than fourteen years old
should be required to attend public school, et cetera,
it was held that a child who attained the age of four-
teen years before the beginning of the public free
schools in his district was not subject to the provi-
sions of that compulsory attendance law. Butler v.
State, 81 Tex.Crim.167, 194 S.W. 166 (1917). The Act

of 1935 (S.B.49, 44th Leg., p.409) substituted "seven years" for "eight years" and "sixteen years" for "fourteen years." Applying that decision to Article 2892, V.C.S., as amended in 1935, it would follow that a child who attains the age of sixteen years before the beginning of the public schools in his district is not subject to the provisions of the compulsory attendance law.

When is a child "not more than sixteen years of age?" We quote from Gibson v. People, 44 Colo.600, 99 Pac.333:

"In one sense a child is sixteen years of age until it is seventeen; so also it is sixteen when it is eighteen; but, in the true sense, it is sixteen and over whenever it has passed beyond the first day of the sixteenth anniversary of its birth. Had it been the intention to include children up to the time they reach their seventeenth birthday, the General Assembly would naturally have said 'children under seventeen years of age' . . . A child is sixteen years of age on the sixteenth anniversary of his birth, and thereafter is over sixteen years of age . . . "

See also Munger v. State, 57 Tex.Crim.384, 122 S.W.875 (1909).

At first blush, subsection 5 of Article 2893 exempting from compulsory attendance "any child more than sixteen (16) years of age who has . . . completed . . . ninth grade, and whose services are needed in support of a parent, et cetera," appears to conflict with Article 2892 and also to amount to an exemption from a condition which does not exist.

However, a close examination of Article 2892, and in the light of the decision in Butler v. State, supra, will reveal that it provides that where a child has not attained the age of sixteen years before the beginning of the public schools in his district, he is subject to the provisions of that compulsory attendance law, and "shall be required to attend . . . public schools . . . for a period of not less than one hundred and twenty days . . . provided . . . no child shall be required to attend school for a longer period than the maximum term of the

public school . . . ." It does not for example, authorize
or permit a child attaining the age of sixteen years any
time after the beginning of the public school in his dis-
trict to elect within that current school year not to go
to school. Such a child must attend school for the time
required or authorized by Article 2892, unless he comes
within one of the exemptions in Article 2893.

Under subdivision 5 of Article 2893, quoted
hereinabove, such a child who has attained the age of
sixteen during the school year, who has completed the
work of the ninth grade, and whose services are needed
in support of a parent or other person standing in pa-
rental relation to him, may, in accordance with the pro-
visions thereof, be exempted from the provisions of Art-
icle 2892. As thus construed subdivision 5 of Article
2893, V.C.S., and subdivision (e) of Article 298, V.P.C.,
has application and meaning. It will not be presumed
that the Legislature enacted a meaningless or useless
law.

Accordingly, it is our opinion that a child who
attains the age of sixteen or over before the beginning
of the public free schools in his district is not sub-
ject to the provisions of the compulsory attendance laws,
whether or not he has completed the work of the ninth
grade. But a child who attains the age of sixteen af-
ter the beginning of the public free schools in his dis-
trict is subject to the provisions of the compulsory at-
tendance law for that school period, unless he has been
exempted from its provisions in accordance with Article
2893, subdivision 5, V. C. S.

For purposes of this opinion we have assumed
that the exemptions found in subdivisions 1 through 4
of Article 2893 are not involved in the submitted ques-
tion.

## SUMMARY

A child who attains the age of sixteen
or over before the beginning of the public
free schools in his district is not subject
to the provisions of the compulsory atten-
dance law, whether or not he has completed
the work of the ninth grade. Art.2892, et
seq., V.C.S., Art.297, et seq., V.P.C.;
Butler v. State, 81 Tex.Crim.167, 194 S.W.
166. But a child who attains the age of

sixteen after the beginning of the public
free schools in his district is subject
to the provisions of the compulsory atten-
dance law for that school year, unless he
has been exempted from its provisions in
accordance with Article 2893, subdivision
5, V.C.S.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CEO:mw

By *Chester E. Ollison*

Chester E. Ollison
Assistant


APPROVED

*Joe R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL