

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 11, 1974

The Honorable Dan Kubiak, Chairman
Committee on Education
House of Representatives
Austin, Texas 78767

Opinion No. H- (H-398)

Re: Validity of attendance
regulations adopted by school
district.

Dear Representative Kubiak:

You have asked our opinion as to the validity of attendance regulations adopted by an independent school district which after declaring attendance at school to be essential to the accomplishment of the school's educational goals, and therefore mandatory, provide for excused absences in certain cases. A student is permitted to make up the academic work he missed during an excused absence. Where an absence is unexcused, however, penalties are assessed and the work cannot be made up.

> 1. A zero shall be given for any written assignment, oral test, written test, six weeks test, or examination missed due to an unexcused absence.

> 2. Two points shall be deducted from the final six weeks average for each day of unexcused absence in which no test or written work was missed.

> Teachers do not have a choice but are required by the administration to give a zero for a missed test or written work, or to deduct two parts from the six weeks final average for an unexcused absence if no test or written work was missed.

You are primarily interested in the requirement that academic penalties be imposed for unexcused absences.

p. 1859

In Article 7, §1. the Texas Constitution provides:

> A general diffusion of knowledge being essential
> to the preservation of the liberties and rights of
> the people, it shall be the duty of the Legislature
> of the State to establish and make suitable provi-
> sion for the support and maintenance of an efficient
> system of public free schools.

In compliance with this constitutional mandate, the Legislature has established a state system of public schools composed of various types of common and independent districts with boards of trustees to administer them. Each district so established has been granted broad authority to adopt whatever rules and regulations it deems proper in order to effectively manage and govern its schools. Section 23.26 of the Texas Education Code, in pertinent part provides:

> . . .

> (b) The trustees shall have the exclusive power
> to manage and govern the public free schools of the
> district.

> . . .

> (d) The trustees may adopt such rules, regulations,
> and by-laws as they deem proper.

The legislative delegation of power and authority to school districts and their trustees has traditionally been liberally construed by Texas courts. For instance, in Wilson v. Abilene Independent School District., 190 S.W. 2d 406 (Tex. Civ. App. --Eastland 1945, writ ref. w.o.m.) the court in upholding a school board regulation prohibiting students from being members of fraternities and sororities, said:

> It will be seen that the grant of power and authority
> to school boards is in general terms. The Legislature

> could not possibly foresee all problems and situations
> that would arise in the administration of the schools. ...
> But, necessarily, school boards are given a wide dis-
> cretion in such matters.   They may make all such
> rules and regulations as in their judgment are necessary
> to maintain an 'efficient' system of schools, subject to
> the limitation that there be no abuse of discretion, and
> that such regulations be not arbitrary, unreasonable
> or in violation of law.   190 S. W.  2d at 412.

Under this rationale the courts have refused to interfere with a wide variety
of school district rules and regulations.  Bishop v. Houston Independent School
District,  29 S. W.  2d 312 (Tex.  1930) (approving rule that required lunch
either to be eaten at school cafeteria or to be brought from home); Moseley
v.  City of Dallas, 17 S. W.  2d 36 (Tex.  Comm.  App.  1929) (permitting school
district to operate health department in schools); Passel v.  Ft.  Worth Inde-
pendent School District,  453 S. W.  2d 888 (Tex.  Civ.  App.  --Ft.  Worth
1970, writ ref.  n. r. e. ) (approving rule which prohibited membership in
fraternities and sororities); McLean Independent School District v.  Andrews,
333 S. W.  2d 886 (Tex.  Civ.  App.  --Amarillo 1960, no writ)(approving rule
which required students to park cars in school parking lot and leave them
there until school ended).

These cases indicate that rules and regulations adopted by school
districts will be held valid unless there has been a clear abuse of discretion
or a violation of law.   The question presented by your request is whether a
school district rule which imposes academic penalties for unexcused
absences passes this test.

With the exception of certain classes of children expressly exempted,
the Education Code requires every child in the state who is from seven to
seventeen years of age inclusive to attend a public school in the district of
his residence.  Sections 21.032 and 21.033, Texas Education Code.  In
§ 21.035 of the Code, provision is made for excused absences in case of
"personal sickness, sickness or death in the family, quarantine, weather
or road conditions making travel dangerous, or any other unusual cause

acceptable to the teacher, principal, or superintendent of the school in which the child is enrolled." Section 21.039 assigns the power of enforcing the compulsory attendance laws to the school attendance officer and provides remedies for him to pursue in order to obtain compliance. He can, in limited circumstances, bring juvenile court proceedings against the child who has violated attendance requirements; or, he can initiate criminal proceedings against the child's parent for thwarting the compulsory attendance law by failing to require the child to attend school. Compare § 51.03 of the Texas Family Code; and § 4.25, Texas Education Code; and see Attorney General Opinion H-347 (1974).

The school district's attendance regulations which you have questioned do not, however, conflict with the legislative scheme. The purpose of both the statutes and the regulations is to compel attendance at school. Under both, excused absences are permitted for basically the same reason. The only difference between the two is in the method of enforcement provided. Under state law compliance with attendance requirements is obtained by resort to the judicial process, whereas, under the school district's regulations compliance is obtained by the imposition of sanctions related to the student's academic performance without resort to the courts.

In Bishop v. Houston Independent School District, supra, the court rejected the argument that the remedies set out in the compulsory education laws were the only ones available to school authorities for the enforcement of disciplinary rules. It concluded that the Legislature in enacting these laws did not intend to shift primary responsibility for enforcing school discipline from school authorities to the courts. The court held that the compulsory education laws merely furnished an additional remedy to that already possessed by school boards in enforcing reasonable rules designed to bring about proper discipline in the schools of the state.

Bishop makes it clear that school district regulations and state laws can complement each other. We cannot say that the attendance regulation in question here, both in purpose and in method of enforcement chosen, is unreasonable on its face. These regulations serve to enable the school district to enforce its attendance requirements, within the

educational context, without having to resort to the courts.    We are not prepared to say that a school district may not adopt attendance regulations which impose academic penalties for unexcused absences from school. However, we recognize that penalties which can mean the difference between passing to the next school grade or being retained in a lower one are serious penalties.    Yet, we cannot say in the abstract, that the regulations so conflict with the statutory provisions and are so arbitrary and unreasonable as to be invalid as a matter of law.    Not every statutory measure intended to enforce school discipline is meant to exclude different disciplinary actions by local authorities.    Bishop v. Houston Independent School District, supra.

The amount of discretion vested in school principals under the regulations, together with certain "automatic" features, could of course, lead to abuses sufficient to give rise to serious constitutional questions. See Bell v. Lone Oak Independent School District, 507 S. W. 2d 636 (Tex. Civ. App. --Texarkana 1974, no writ).    But without considering the factual circumstances that might surround a particular implementation of the regulations, we cannot say that the regulations on their face are unreasonable, arbitrary or destructive of the statutory scheme for management of the public schools.    Dunn v. Tyler Independent School District, 460. F. 2d 137 (5th Cir. 1972).

SUMMARY

Regulations of an independent school district which penalize students for unexcused absences by lowering their grades are not invalid on their face.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg