

# The Attorney General of Texas

August 5, 1985

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas. Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Luther Jones
County Attorney
Room 201, City-County Building
El Paso, Texas    79901

Opinion No. JM-342

Re: Whether a minister is required to file a report of child abuse under section 34.07 of the Family Code

Dear Mr. Jones:

You have asked whether section 34.07 of the Family Code requires a clergyman of an established church to report information of suspected child abuse which is confidentially disclosed to him by a parishioner. This section, enacted in 1975, provides:

> (a) A _person_ commits an offense if the person has cause to believe that a child's physical or mental health or welfare has been or may be further adversely affected by abuse or neglect and knowingly fails to report in accordance with Section 34.02 of this code.
>
> (b) An offense under this section is a Class B misdemeanor. (Emphasis added).

Acts 1976, 64th Leg., ch. 476, §4, at 1272.

Attorney General Opinion H-986 (1977) construed section 34.01 of the Family Code, which contains the phrase "any person having cause to believe," as embracing not only parents or guardians but _all_ persons having the information described therein. Because sections 34.01 and 34.07 are within chapter 34 of the Family Code, they should be read in pari materia. See District Trustees v. Trustees of Freestone County, 186 S.W.2d 378 (Tex. Civ. App. - Waco 1945, no writ). This interpretation of "person" should therefore be used in applying section 34.07. Consequently, clergymen are covered by this section.

You also ask whether a clergyman must testify in a child abuse proceeding. Both article 3715a, V.T.C.S., and section 34.04 of the Family Code address this subject. If there is an irreconcilable conflict between statutes dealing with the same subject, the most recent controls as the latest expression of legislative intent. See City of Dallas v. Brown, 475 S.W.2d 833 (Tex. Civ. App. - Dallas 1971,

writ ref'd n.r.e.); see also Sutherland Statutory Construction, Singer, V. 2A, §51.02 (4th ed. 1984).

Prior to 1967, Texas courts did not recognize the clergyman-penitent privilege. See Biggers v. State, 358 S.W.2d 188 (Tex. Civ. App. - Dallas 1962), writ ref'd n.r.e. per curiam, 360 S.W.2d 516 (Tex. 1962). In that year the legislature enacted article 3715a, which provides:

> No ordained minister, priest, rabbi or duly accredited Christian Science practitioner of an established church or religious organization shall be required to testify in any action, suit, or proceeding, concerning any information which may have been confidentially communicated to him in his professional capacity under such circumstances that to disclose the information would violate a sacred or moral trust, when the giving of such testimony is objected to by the communicant; provided, however, that the presiding judge in any trial may compel such disclosure if in his opinion the same is necessary to a proper administration of justice. (Emphasis added).

Almost immediately thereafter, however, the legislature required the testimony of clergymen in child abuse proceedings. See Acts 1971, 62nd Leg., ch. 902, §1, at 2790 (amending V.T.C.S. art. 695c-2), repealed by Acts 1973, 63rd Leg., ch. 543, §53, at 1458. Section 34.04, former article 595c-2, V.T.C.S., of the Family Code now provides:

> In any proceeding regarding the abuse or neglect of a child or the cause of any abuse or neglect, evidence may not be excluded on the ground of privileged communication except in the case of communications between attorney and client.

Since section 34.04 is more recent, it prevails over article 3715a. Accordingly, a clergyman must testify in a child abuse proceeding. Only communications between an attorney and his client are privileged under section 34.04. See Pollock Recent Amendments to the Texas Child Abuse Statutes: An Analysis and Recommendation, 11 St. Mary's L.J. 914, 932 n. 133 (1980).

Although you have not referred to the Free Exercise Clauses of the First Amendment to the United States Constitution, it has been suggested that that clause is implicated by your question. The Free Exercise Clause involves both freedom to believe and freedom to act. See Cantwell v. Connecticut, 310 U.S. 296, 303 (1940). The freedom to

believe is absolute, but the freedom to act is conduct subject to regulation for the protection of society. See United States v. Grayson County State Bank, 656 F.2d 1070 (5th Cir. 1981). Section 34.07 was enacted to ensure that persons having knowledge of abuse or neglect would report that information to the appropriate official. In our opinion, it clearly regulates conduct.

Government regulation of religious conduct is valid if it does not unduly burden the practice of religion, if the state's interest in enacting the regulation is compelling, and if there are no alternative means available which are less intrusive upon the practice. See Wisconsin v. Yoder, 406 U.S. 205 (1972); see also Sherbert v. Verner, 374 U.S. 398 (1963). Each of these requirements is satisfied here. In Prince v. Massachusetts, 34 U.S. 158 (1944), the United States Supreme Court said "[t]he right to practice religion freely does not include liberty to expose the . . . child . . . to ill health or death. . . ." 321 U.S. at 166-67. See also Jehovah's Witnesses v. King County Hospital Unit No. 1, 278 F.Supp. 488 (N.D. Wash. 1967) aff'd 390 U.S. 598 (1968). To conclude that the application of section 34.07 to clergymen would violate the Free Exercise Clause would be to ignore this admonition. We therefore conclude that to require a clergyman to report evidence of child abuse or neglect when confidentially disclosed to him by a parishioner does not violate the Free Exercise Clause.

## S U M M A R Y

Article 3715a, V.T.C.S., which provides for clergyman-penitent privilege in judicial proceedings, does not conflict with section 34.07 of the Family Code, a reporting statute. Section 34.07 does not violate the Free Exercise Clause of the First Amendment to the United States Constitution. It requires a minister of an established church to report evidence of child abuse when confidentially disclosed to him by a parishioner.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Mary Keller
Jim Moellinger
Jennifer Riggs
Nancy Sutton